T.C. Memo. 2008-122

UNITED STATES TAX COURT

J. DAVID GOLUB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6191-06L.                    Filed April 30, 2008.

J. David Golub, pro se.

<u>Shawna A. Early</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  This matter is before the Court on respondent's motion to withdraw respondent's motion to dismiss for lack of jurisdiction.[1]  As explained in detail below, we

---

[1]  Section references are to sections of the Internal Revenue Code of 1986, as amended.

shall grant respondent's motion to withdraw, and respondent's motion to dismiss shall be deemed withdrawn.

## Background

Petitioner previously filed with the Court a petition for redetermination of a deficiency at docket No. 26507-95, challenging a notice of deficiency for the taxable years 1991 and 1992. In Golub v. Commissioner, T.C. Memo. 1999-288, we held that petitioner was liable for a substantial income tax deficiency for 1991, a smaller income tax deficiency for 1992, accuracy-related penalties under section 6662(a) for 1991 and 1992, and a penalty under section 6673. Although petitioner appealed the decision in Golub, his appeal was subsequently dismissed, and the decision is now final. See secs. 7481(a)(2), 7483.

On March 30, 2005, respondent submitted to the County Clerk for Richmond County, Staten Island, New York, a notice of Federal tax lien (NFTL) in respect of petitioner's unpaid Federal income tax for the taxable year 1991. On April 7, 2005, respondent sent to petitioner, by certified mail to petitioner's last known address, a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing (hearing rights notice). On April 12, 2005, the County Clerk filed the NFTL. On May 9, 2005, petitioner

mailed to respondent a Form 12153, Request for a Collection Due Process Hearing.

On December 27, 2005, following an exchange of correspondence, petitioner attended a face-to-face hearing at respondent's Office of Appeals (Appeals Office).  On February 23, 2006, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the decision to file the NFTL.  On March 29, 2006, petitioner filed with the Court a timely petition challenging respondent's notice of determination.[2]

After filing an answer to the petition, respondent filed a motion to dismiss for lack of jurisdiction.  Respondent asserted in the motion to dismiss that he

> failed to provide the taxpayer with a notice of his right to collection due process hearing pursuant to I.R.C. §6320.  Therefore, the hearing afforded to the taxpayer by the Appeals Officer regarding the filing of the notice of federal tax lien was invalid with respect petitioner's 1991 income tax liability, and the notice of determination is void and invalid.

Petitioner filed an opposition to respondent's motion to dismiss.

The Court held a hearing on respondent's motion to dismiss. During the hearing, the Court questioned the appropriateness of

---

[2]  The petition arrived at the Court in an envelope bearing a timely U.S. Postal Service postmark date of Mar. 24, 2006.  See sec. 7502(a).

respondent's motion to dismiss and directed respondent to file a supplement thereto.

After further review respondent found a copy of the hearing rights notice sent by certified mail to petitioner on April 7, 2005. As a consequence, rather than supplementing his motion to dismiss, respondent filed a motion to withdraw it. In his motion to withdraw the motion to dismiss, respondent now asserts that he timely mailed the hearing rights notice to petitioner and petitioner timely invoked the Court's jurisdiction under sections 6320 and 6330. Petitioner filed an opposition to respondent's motion to withdraw in which he asserts that he has been denied due process. Respondent thereafter filed a supplement to his motion to withdraw clarifying that respondent had submitted the NFTL to the County Clerk on March 30, 2005, and that the County Clerk had filed it on April 12, 2005.

## Discussion

Section 6321 provides that if any person liable to pay any tax neglects or refuses to pay the same after demand, the tax and any interest, additional amount, addition to tax, or assessable penalty shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. The lien imposed under section 6321 generally arises at the time the assessment is made and continues until the tax liability is satisfied or becomes unenforceable by

reason of lapse of time. Sec. 6322. However, the tax lien imposed under section 6321 is not valid against third parties, such as any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor, until the Secretary files notice of the tax lien with the proper State or Federal authorities. Sec. 6323(a), (f).

Sections 6320 and 6330 establish procedural protections for taxpayers when the Commissioner elects to file an NFTL under section 6323. Specifically, section 6320(a) provides that, not more than 5 business days after the day an NFTL is filed, the Commissioner is obliged to provide written notice by, inter alia, certified or registered mail to the taxpayer's last known address, informing the taxpayer of his or her right to request an Appeals Office hearing during the 30-day period beginning on the day after the 5-day period prescribed in section 6320(a)(2). Section 6320(c) provides that the procedures set forth in section 6330(c), (d), and (e) generally are applicable in the case of tax liens.

The specific requirements and procedures governing the administrative hearing (which we need not recite for purposes of the present discussion) are set forth in section 6330(c). Pursuant to these procedures, the Appeals Office must make a collection determination after reviewing the record, including any relevant issues raised by the taxpayer, and considering

whether the collection action balances the need for efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).  After the Appeals Office makes a determination under section 6330(c), the taxpayer may petition the Tax Court for review within 30 days of that determination.  Sec. 6330(d).

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  As discussed above, the Court's jurisdiction to review a collection action concerning an NFTL or a proposed levy depends on the issuance of a notice of determination and the filing of a timely petition for review.  See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

In Kennedy v. Commissioner, 116 T.C. 255, 261 (2001), we dismissed a lien case for lack of jurisdiction on the ground that the Commissioner did not issue to the taxpayer a notice of determination that would permit the taxpayer to invoke the Court's jurisdiction.  In dismissing the case, however, we made it clear that the Commissioner failed to mail a hearing rights notice to the taxpayer's last known address as required under section 6320(a)(2)(C), thereby denying the taxpayer the opportunity to timely seek an Appeals Office hearing.  Id.  The

facts in the instant case are distinguishable from those in Kennedy.

The record shows that on March 30, 2005, respondent submitted to the County Clerk for Richmond County an NFTL regarding petitioner's unpaid income tax for 1991, yet the County Clerk did not actually file the document until April 12, 2005. The record does not disclose the reason for the delay. In any event, on April 7, 2005, respondent sent a hearing rights notice by certified mail to petitioner's last known address. The hearing rights notice was mailed 6 business days after respondent's submission of the NFTL to the County Clerk and 3 business days before its filing. Petitioner mailed to respondent a Form 12153 requesting an Appeals Office hearing on May 9, 2005, which fell within the 30-day period that began on the day following the fifth business day after the filing of the NFTL. Thereafter, petitioner attended a face-to-face Appeals Office hearing regarding this matter, respondent mailed to petitioner a notice of determination (sustaining the decision to file the NFTL), and petitioner filed with the Court a timely petition challenging respondent's notice of determination. Thus, unlike the circumstances in Kennedy v. Commissioner, supra, petitioner received a hearing rights notice in time to request a hearing, and he did so.

On these facts, we conclude that the basic elements necessary to invoke the Court's jurisdiction under sections 6320 and 6330--a valid notice of determination and a timely petition for review--are present. Simply put, respondent's mailing of the hearing rights notice 3 days before the NFTL was filed did not adversely affect petitioner's right to seek administrative and judicial review of the filing of the NFTL, and we hold that the notice of determination upon which this case is based is valid. Consequently, we shall grant respondent's motion to withdraw his motion to dismiss for lack of jurisdiction.

Jurisdiction aside, we note for the sake of completeness that we have previously rejected taxpayer claims that the Commissioner's failure to send a hearing rights notice within the 5-day period prescribed in section 6320(a)(2) constitutes an abuse of discretion. See Bruce v. Commissioner, T.C. Memo. 2007-161; Call v. Commissioner, T.C. Memo. 2005-289, affd. 230 Fed. Appx. 758 (9th Cir. 2007); Stein v. Commissioner, T.C. Memo. 2004-124. In each of these cases the taxpayer managed to submit to the Commissioner a timely request for an Appeals Office hearing despite the taxpayer's claim that the Commissioner was dilatory in sending a hearing rights notice. Given that the taxpayers received hearings, were issued notices of determination, and filed with the Court timely petitions for review of the collection actions, we held that any failure by the

Commissioner to send hearing rights notices before expiration of the 5-day period prescribed in section 6320(a)(2) was harmless error and did not constitute an abuse of discretion;  we accordingly sustained the filing of the NFTLs.

In this case, respondent's hearing rights notice was not late but early, effectively affording petitioner a lengthier period in which to request an Appeals Office hearing.  Petitioner timely did so, and he received a hearing.  Consistent with our reasoning in cases such as <u>Bruce v. Commissioner</u>, <u>supra</u>, <u>Call v. Commissioner</u>, <u>supra</u>, and <u>Stein v. Commissioner</u>, <u>supra</u>, we conclude that respondent's variance, if any, from the notice requirement prescribed in section 6320(a)(2) constitutes harmless error in this case.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.