J. DAVID GOLUB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentGolub v. Comm'rDocket No. 6191-06L.United States Tax Court2008 U.S. Tax Ct. LEXIS 39; October 21, 2008, EnteredGolub v. Comm'r, T.C. Memo 2008-122, 2008 Tax Ct. Memo LEXIS 123 (T.C., 2008)*39 Peter J. Panuthos, Special Trial Judge.Peter J. PanuthosORDER AND DECISIONThis matter is before the Court on respondent's Motion for Summary Judgment, filed May 8, 2008.Petitioner resided in Staten Island, New York, at the time the petition was filed with the Court.A. BackgroundThe record establishes and/or the parties do not dispute the following.On December 20, 1995, petitioner filed a petition at docket No. 26507-95 to dispute a notice of deficiency, dated September 20, 1999, in which respondent determined deficiencies, penalties, and an addition to tax for tax years 1991 and 1992. On August 30, 1999, a Memorandum Opinion T.C. Memo. 1999-288 was filed in which the Court sustained respondent's determination of deficiencies, penalties and addition to tax for tax years 1991 and 1992. Decision at docket no. 26507-95 was entered on January 21, 2000. Petitioner's appeal of the decision at docket no. 26507-95 was dismissed on June 21, 2001, on grounds that the appeal was untimely.On March 30, 2005, respondent submitted to the County Clerk, Richmond County, Staten Island, New York, a Notice of Federal Tax Lien against petitioner relating to his outstanding Federal income tax liability of *40 $267,542 for tax year 1991. The Richmond County Clerk filed that Notice of Federal Tax Lien on April 12, 2005.Respondent issued petitioner a Notice of Federal Tax Lien and Notice of Your Right to a Hearing on April 7, 2005, advising petitioner that respondent filed a Notice of Federal Tax Lien with the County Clerk, Richmond County, Staten Island, New York, relating to petitioner's unpaid tax liability for tax year 1991. The CDP Notice also informed petitioner of his right to receive a hearing with respondent's Office of Appeals.The Notice of Federal Tax Lien was filed by the County Clerk, Richmond County, Staten Island, New York, on April 12, 2005.On April 22, 2005, petitioner sent respondent's revenue officer a letter stating: (1) He could not attend a meeting on April 25, 2005; (2) he was seeking to vacate the decision at docket No. 26507-95; (3) he had filed a Federal Tort Claim with respondent' National Office against the "IRS Director of Practice for harassment, initiation of frivolous litigation and abuse of process for monetary damages in an amount of no less than one million dollars ($1,000,000)"; and (4) there were pending actions in the U.S. Court of Appeals for the Second *41 Circuit relating to fraud associated with docket No. 26507-95.On May 2, 2005, petitioner sent respondent's revenue officer a letter in which he again stated points (2), (3), and (4) of April 22, 2005 letter and added that he will file a request for a Collection Due Process hearing by May 9, 2005.On May 9, 2005, petitioner timely filed Form 12153, Request for Collection Due Process Hearing, relating to the Notice of Federal Tax Lien and Your Right To A Hearing, dated April 7, 2005, and attached thereto the two letters dated April 22, 2005, and May 2, 2005, to respondent's revenue officer described in the preceding 2 paragraphs.1On August 30, 2005, respondent sent a letter to petitioner giving him until September 29, 2005, to schedule a conference. Respondent stated in that letter that petitioner could not dispute the liability, because he had already received a notice of deficiency.Petitioner had a face-to-face conference with respondent's settlement officer on December 27, 2005. At the conference, petitioner: (1) disputed the underlying tax liability; *42 (2) contended that respondent prevented him from representing taxpayers before the Internal Revenue Service (IRS); and (3) argued that respondent improperly offset his income tax refund for tax year 2004 against his outstanding tax liability for tax year 1991. At the conference, the settlement officer advised petitioner that he could not dispute the underlying tax liability or his status with respect to representing taxpayers before the IRS. However, petitioner persisted in raising those issues. Petitioner contended at the conference that the offset of his 2004 refund constituted a levy.On February 23, 2006, respondent sent petitioner a Notice of Determination Concerning Collection Action Under Section 6320 and/or 6330, sustaining the decision to file the Notice of Federal Tax lien to collect petitioner's income tax liability for the tax year 1991.On March 10, 2006, petitioner sent a letter to respondent's Appeals Office in response to the notice of determination. In it, petitioner stated that he opposed the determination and referred to his prior Tax Court case and several other matters not relevant to this case.On March 29, 2006, petitioner filed the petition upon which this case *43 is based. In his petition, it appears that petitioner raises challenges to the underlying tax liability with respect to tax year 1991. Specifically, petitioner filed his petition in "[o]pposition to Internal Revenue Service Federal Tax Liens issued in connection with U.S. Tax Court Memo Decision (TC 1999-288, Docket Number 26507-95) as fraud upon the U.S. Tax Court, the Federal District Courts, the Second Circuit Court of Appeals, The D.C. Circuit Court of Appeals and the N.Y. State Appellate Division (Second Judicial Department)." Petitioner states in the petition:Petition for Lien or Levy Action Under Code Section 6320 (c) or 6330 (d)This Petition is both a Petition for Redetermination of a Deficiency, a Petition for a Levy Action in Opposition to Internal Revenue Service Federal Tax Liens issued in connection with U.S. Tax Court Memo Decision (TC 1999-288; Docket Number 26507-95) and the concurrent vacatur of US TC Memo decision (TC 1999-288 Docket Number 26507-95) as a fraud upon the U.S. Tax Court, the Federal District Courts, the Second Circuit Court of Appeals, The D.C. Circuit Court of Appeals and the N. Y. State Appellate Division (Second Judicial Department).Petitioner's *44 mailing address: P.O. Box 131721 Staten Island, N.Y. 10313, with legal residence at 672 Travis Avenue, Staten Island, N.Y. 10314.Petitioner's Social Security Number: 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The Federal Individual Income tax returns (Form 1040) (1991 and 1992) were filed with the Internal Revenue Service, in Holtsville, New York.A 2004 USTC Rule 162 Motion to Vacate TC 1999-288 Docket number 26507-95 was served on the Internal Revenue Service in 2004 and as part of the Due Process Collection Hearing. (See attached list of Exhibits served on January 26, 2006).The Facts were specially plead in both that motion and the memorandum of law filed with the Due process Collection Appeals Officer and are incorporated by reference.Petitioner seeks the following relief: Reversal and Vacatur of Tax Court Memo decision 1999-288, Docket Number 26507-95 including removal, extinguishment and annulment of all federal tax liens, executed and unexecuted, filed and prospectively to be filed by the IRS.Petitioner attached to the petition a copy of a notice of determination, dated February 23, 2006, sustaining the decision to file the Notice of Federal Tax Lien to collect petitioner's income tax liability for tax year *45 1991, and a copy of his March 10, 2006 letter described above.After filing an answer to the petition, respondent filed a motion to dismiss for lack of jurisdiction on grounds that the Notice of Federal Tax Lien was invalid because respondent mailed the notice of hearing rights 3 days before the Notice of Federal Tax Lien was filed. After a hearing on respondent's motion to dismiss, respondent filed a motion to withdraw the motion to dismiss for lack of jurisdiction. Petitioner filed an opposition to the motion to withdraw and respondent filed a supplement to the motion to withdraw. On April 30, 2008, a Memorandum Opinion, T.C. Memo. 2008-122, was filed in which the Court concluded that the Notice of Federal Tax Lien was valid. The Court reasoned that respondent's hearing rights notice was early, and thus effectively afforded petitioner a lengthier period in which to request an Appeals Office hearing. The Court noted that petitioner timely requested a hearing and that he received one. On July 10, 2008, petitioner filed a motion to reconsider the memorandum opinion. That motion was denied on July 17, 2008.As stated above, on May 8, 2008, respondent filed a motion for summary judgment. *46 On May 8, 2008, respondent filed an Affidavit in Support of Respondent's Motion for Summary Judgment, with attached exhibits.On August 8, 2008, petitioner filed an Opposition to Respondent's Motion in which he: (1) Contends that his prior Tax Court case at docket No. 26507-95 is in error; (2) argues that respondent improperly offset his income tax refund for tax year 2004 against his outstanding tax liability for tax year 1991; and (3) makes irrelevant claims including a charge of fraud by a Tax Court Judge.By Order dated September 16, 2008, this case was assigned to the undersigned to dispose of respondent's motion for summary judgment.A. Discussion1. Summary JudgmentSummary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121 (b); *47 Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). Facts are viewed in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, supra.However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).2. Applicable Notice Requirements for a Federal Tax LienThis Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d).Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes. Such a lien arises *48 when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285.Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320 (a) (2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330 (c), (d), and (e). See, e.g., Goza v. commissioner, 114 T.C. 176, 179 (2000).As discussed above, this Court has held that respondent's hearing rights notice gave petitioner added time to request a hearing. Petitioner does not otherwise dispute that proper *49 notices pertaining to the tax lien at issue were given to him.a. Underlying Tax LiabilityPetitioner disputed the existence or amount of the underlying tax liability for tax year 1991 in his request for hearing, in the petition, and in his opposition to respondent's motion for summary judgment. However, he is barred from doing so because he received the notice of deficiency with respect to tax year 1991 and had a trial in this Court. Sec. 6330 (c) (2) (B).b. Collection AlternativesThe Court uses an abuse-of-discretion standard in reviewing the determination of an Appeals officer that a taxpayer is not entitled to a collection alternative. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-183 (2000). In his petition, petitioner does not offer any collection alternative. Thus, we deem the issue of collection alternatives conceded.2 See Goza v. Commissioner, supra.c. Verification *50 of ProceduresIt is well settled that no particular form of verification is required, that no particular document need be provided to taxpayers at a hearing conducted under section 6330, and that Forms 4340 (such as the ones included in this record) and other transcripts of account may be used to satisfy the requirements of section 6330 (c) (1). Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lunsford v. Commissioner, 117 T.C. 183 (2001). There is no dispute that respondent issued to petitioner notices of balances due and other required collection notices.3. Offset of Refund for Tax Year 2004We reject petitioner's argument that respondent improperly offset his income tax refund for tax year 2004 against his outstanding tax liability for tax year 1991.Pursuant to section 6402, the Commissioner has the authority to credit an overpayment to offset an outstanding income tax liability. An offset made pursuant to section 6402 does not constitute a levy action. Belloff v. Commissioner, 996 F.2d 607, 615-616 (2d Cir. 1993).4. ConclusionWe conclude that there are no genuine issues of material fact *51 for trial and sustain respondent's determination in the notice of determination dated February 23, 2006.Finally, in reaching the conclusions described herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.Upon due consideration of the foregoing, it isORDERED that respondent's Motion for Summary Judgment, filed May 8, 2008, is granted. It is furtherORDERED AND DECIDED that respondent's collection action as determined in the notice of determination, dated February 23, 2006, upon which this case is based, is sustained.(Signed) Peter J. PanuthosSpecial Trial JudgeENTERED: OCT 21 2008Footnotes1. Section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.↩2. Petitioner states in his opposition to respondent's motion for summary judgment that this case raises issues related to collection alternatives. However, he dos not describe any collection alternatives or any issues with respect to collection alternatives in his opposition.↩