T.C. Memo. 2013-196

UNITED STATES TAX COURT

J. DAVID GOLUB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8431-12L.                    Filed August 27, 2013.

J. David Golub, pro se.

<u>Shawna A. Early</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to section 6330(d)(1) of the determination by the Internal

Revenue Service (IRS or respondent) to sustain a levy to collect petitioner's

[*2] unpaid Federal income tax liability for the taxable year 2008.[1]  The IRS has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that its action in sustaining the levy was proper as a matter of law.  We agree and accordingly we will grant the motion.

Background

A brief review of petitioner's prior litigation in this Court is necessary to an understanding of the present controversy.  In Golub v. Commissioner, T.C. Memo. 1999-288, 78 T.C.M. (CCH) 367 (1999) (Golub I), petitioner challenged an income tax deficiency determined by the IRS for his 1991 taxable year.  The principal issue arose from a dispute between petitioner and his brokerage house, which eventually liquidated his account by selling the securities in it.  Petitioner failed to report on his 1991 tax return the capital gain realized on the sale of these securities, contending that his brokerage house had engaged in a "tortious conversion" of his account and that it, rather than he, was taxable on gains realized when the stock was sold.  Golub I, 78 T.C.M. at 373.  We determined that petitioner in effect was attempting to relitigate in this Court securities law claims that were subject to an arbitration proceeding in which he had refused to

_____

[1]All statutory references are to the Internal Revenue Code (Code) in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

[*3] participate. See id. at 373, 378. We concluded that petitioner "received substantial amounts of income in 1991," that he "failed to pay tax on those amounts," and that "[h]is defense to that failure is frivolous and wholly without merit." Id. at 378. We accordingly sustained the deficiencies determined by the IRS, including additions to tax and penalties, and required petitioner to pay a $10,000 penalty under section 6673(a) for maintaining a frivolous position in this Court. Ibid.

The IRS subsequently filed a notice of Federal tax lien in an effort to collect petitioner's $267,542 tax liability for 1991. Petitioner challenged the tax lien in a CDP hearing, contending (among other things) that our judgment sustaining the IRS determination of a deficiency for 1991 was unconstitutional and should be vacated; that he had no income tax liability for 1991; and that the IRS had improperly offset his income tax refund for 2004 against his allegedly nonexistent liability for 1991. The IRS Appeals Office sustained the tax lien, and we upheld that determination. Golub v. Commissioner, Docket No. 6191-06L (order and decision dated October 21, 2008) (Golub II). We concluded that the IRS had followed all appropriate procedures in filing the notice of tax lien, and we specifically rejected petitioner's argument that the IRS had "improperly offset his income tax refund for tax year 2004 against his outstanding tax liability for tax

[*4] year 1991." As we explained, section 6402 of the Code explicitly authorizes the IRS "to credit an overpayment to offset an outstanding income tax liability." Golub II, at 7.

We turn now to the current controversy, which concerns petitioner's 2008 tax year. In April 2009, petitioner timely filed Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, requesting an extension of time to file his return for 2008. On this Form 4868, petitioner reported $67,027 as an estimate of his total tax liability for 2008 and $42,027 as the total tax payments he had made for 2008. He enclosed a check for $25,000 to cover the difference.

Petitioner filed his 2008 Form 1040, U.S. Individual Income Tax Return, in October 2009 and reported tax due of $42,690. He reported total payments on line 71 of $67,317, including a $317 withholding tax credit, the $25,000 payment he had submitted with his Form 4868, and $42,000 on line 63 as "2008 estimated tax payments and amount applied from 2007 return." He accordingly claimed an overpayment of $24,627 and asked that this amount be applied to his 2009 estimated tax.

Petitioner's math did not tally with the IRS transcript of his account. The transcript showed that he had made zero estimated tax payments for 2008; the only

**[*5]** credits recorded against his 2008 income tax liability were the $317 with-holding tax credit and the $25,000 remitted with his Form 4868. Thus, when the IRS processed his 2008 return and assessed the $42,690 self-reported income tax liability, it computed a balance due of $17,373 ($42,690 - ($25,000 + $317)), excluding interest and penalties.

By May 28, 2011, petitioner's outstanding income tax liability for 2008, including interest and penalties, was $22,798. In order to collect this unpaid balance, the IRS issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, and petitioner timely requested a CDP hearing. Although petitioner's position at the hearing was not entirely clear, he appeared to argue (once again) that the Tax Court decision sustaining deficiencies and penalties for 1991 was unconstitutional and should be vacated; that the IRS' application to his 1991 tax liability of overpayments and credits from other tax years was thus erroneous; and that these overpayments and credits should have been applied instead to his tax liability for 2008. Petitioner failed to provide any evidence at the hearing that he had made quarterly estimated tax payments for 2008 or that the IRS had misapplied any overpayments or credits. On March 2, 2012, the Appeals Office accordingly issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the

**[*6]** proposed levy.  Petitioner timely sought judicial review under section 6330(d)(1).

Discussion

A.  <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681(1988).  We may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  <u>Sundstrand</u>, 98 T.C. at 520.  However, the non-moving party "may not rest upon mere allegations or denials" but instead "must set forth specific facts showing there is a genuine dispute."  Rule 121(d); <u>see</u> <u>Sundstrand</u>, 98 T.C. at 520.

B.  <u>Standard of Review</u>

Section 6330(d)(1) does not prescribe the standard of review that this Court shall apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where the

**[\*7]** validity of the underlying tax liability is at issue, the Court will review the Commissioner's determination de novo.  <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).  Where there is no dispute concerning the underlying tax liability, the Court reviews the IRS decision for abuse of discretion.  <u>Id.</u> at 182.

There is some lack of uniformity in our precedents as to whether a de novo standard of review applies where (as appears to be true here) the controversy concerns the proper application, to the tax liability at issue in the CDP hearing, of a credit, overpayment, or remittance.[2]  Because we would sustain respondent's determination in this case under either standard of review, we have no need to decide which one applies.

---

[2]See <u>Freije v. Commissioner</u>, 125 T.C. 14, 23, 26-27 (2005); <u>Comfort Plus Health Care, Inc. v. Commissioner</u>, 2005-2 U.S. Tax Cas. para. 50,494 at 89,175-89,176 (D. Minn. 2005) (applying abuse of discretion standard where taxpayer in CDP case challenged IRS' failure to credit overpayments).  <u>Compare</u> <u>Landry v. Commissioner</u>, 116 T.C. 60, 62 (2001) (applying de novo standard where taxpayer challenged application of overpayment credits, reasoning that "the validity of the underlying tax liability, i.e., the amount unpaid after application of credits to which petitioner is entitled, [was] properly at issue"), <u>with</u> <u>Kovacevich v. Commissioner</u>, T.C. Memo. 2009-160, 98 T.C.M. (CCH) 1, 4 & n.10 (applying abuse of discretion standard where taxpayer challenged application of tax payments, reasoning that "questions about whether a particular check was properly credited to a particular taxpayer's account for a particular tax year are not challenges to his underlying tax liability"), <u>and</u> <u>Orian v. Commissioner</u>, T.C. Memo. 2010-234, 100 T.C.M. (CCH) 356, 359 (same).

**[*8]** C.  Petitioner's 2008 Tax Liability

We operate at a disadvantage in assessing petitioner's arguments because the summary judgment papers he filed, some 90 pages in toto, are devoted almost exclusively to rehashing arguments about his 1991 tax liability and the legitimacy of this Court's (long since final) decision sustaining the IRS determinations of deficiencies and penalties for that year.  To discern from petitioner's papers anything relevant to the actual controversy before us is to search for needles in a haystack.  However, his position appears grounded on an assertion that the IRS improperly failed to credit his 2008 account with $42,000 in payments comprising "2008 estimated tax payments and amount applied from 2007 return," as claimed on his 2008 Form 1040, line 63.  Petitioner submitted no evidence, to the IRS or this Court, that he made any quarterly estimated tax payments toward his 2008 tax liability.  Thus, he appears to be contending that his 2007 return showed an overpayment of $42,000 or some other amount; that he directed the IRS to apply this overpayment toward his 2008 estimated tax; and that the IRS improperly applied this overpayment instead to his (still unsatisfied) tax liability for 1991.

If this is petitioner's argument, it misses the mark.  Although taxpayers generally have the right to designate the application of voluntary tax payments, see Rev. Proc. 2002-26, 2001-1 C.B. 746, this right does not extend to overpay-

[*9] ments reported on a tax return. Section 6402(a) explicitly allows the IRS to set off any refund due a taxpayer against existing underpayments of tax for prior years. It provides: "In the case of any overpayment, the Secretary * * * may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment * * * ." The regulations provide that a taxpayer may instruct the IRS to apply an overpayment against his estimated tax for the immediately succeeding tax year. See sec. 301.6402-3(a)(5), Proced. & Admin. Regs. However, the regulations mirror the statute: They authorize the IRS to override such an instruction and apply the overpayment against "any outstanding liability for any tax." Sec. 301.6402-3(a)(6)(i), Proced. & Admin. Regs.; see N. States Power Co. v. United States, 73 F.3d 764, 767 (8th Cir. 1996) ("[Section 6402] 'plainly gives the IRS the discretion to apply overpayments to any tax liability.'" (quoting United States v. Ryan (In re Ryan), 64 F.3d 1516, 1523 (11th Cir. 1995))); Kalb v. United States, 505 F.2d 506, 509 (2d Cir. 1974) ("[Section 6402] clearly gives the IRS the discretion to apply a refund to 'any liability' of the taxpayer."); Weber v. Commissioner, 138 T.C. 348, 360-362 (2012).

Because the statute specifically permitted the IRS to apply petitioner's 2007 overpayment to his unsatisfied 1991 tax liability rather than to his 2008 estimated

**[*10]** tax, petitioner's argument reduces to the contention that he has no 1991 tax liability because our decision sustaining the 1991 deficiencies and penalties was unconstitutional. This argument is frivolous. We accordingly grant summary judgment for respondent.

D. Sanctions

This Court now considers sua sponte whether to impose sanctions on petitioner under section 6673(a)(1), which authorizes the imposition of a penalty not in excess of $25,000 when a taxpayer has instituted or maintained proceedings primarily for delay or has taken a frivolous or groundless position in the Court. Petitioner has been amply notified about the risk of sanctions. During the administrative stage of this CDP case, the IRS warned petitioner on three separate occasions that he was advancing frivolous arguments. The Court made petitioner aware of section 6673 in Golub I by imposing a $10,000 penalty against him for advancing frivolous arguments in that case. See Golub I, 78 T.C.M. at 378. And as we noted there, two U.S. District Courts and the Court of Appeals for the Second Circuit had previously imposed sanctions against petitioner, prohibiting him from using their resources to advance frivolous attacks against his former brokerage house and other securities defendants. Ibid.

**[*11]** Petitioner's filings in this summary judgment proceeding consist mainly of incoherent verbiage that he has cut and pasted from previous filings in this and other courts. The only colorable legal argument we can discern from this pile of paper is the contention that the IRS erred by applying a 2007 overpayment to his 1991 liability rather than to his 2008 estimated tax. But the statute specifically allows the IRS to do this, as we informed petitioner in one of his previous cases. See Golub II, at 7 (rejecting petitioner's argument that the IRS had "improperly offset his income tax refund for tax year 2004 against his outstanding tax liability for tax year 1991" and citing section 6402(a)). At the end of the day, petitioner's position is that he has no tax liability for 1991 because the IRS and the judicial system have conspired to deprive him of his constitutional rights. That is a frivolous position that has been rejected repeatedly, and sanctions are once again appropriate.

We take petitioner at his word when he avers that he "will never cease" litigating his 1991 tax liability. He should understand, however, that this persistence will come at an ever-increasing price. We therefore impose a penalty in the amount of $15,000 under section 6673(a)(1).

**[*12]** We have considered all contentions and arguments that are not discussed herein, and we find them to be frivolous, without merit, or irrelevant.  We have also considered petitioner's cross-motion for summary judgment.  We find it wholly without merit and entirely frivolous; we therefore will deny it.

An appropriate order and decision will be entered.