T.C. Memo. 2015-142

UNITED STATES TAX COURT

DEL-CO WESTERN, A UTAH CORPORATION, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3414-14L.                          Filed August 5, 2015.

Paul W. Jones, for petitioner.

Mark Hale Howard, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  In this collection due process (CDP) case, petitioner

timely sought review pursuant to section 6330(d)(1)[1] of a notice of determination

_____

[1]Unless otherwise noted, all statutory references are to the Internal Revenue
Code in effect at all relevant times, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

[*2] concerning collection action for tax year 2004. Pending before the Court is respondent's motion to dismiss on grounds of mootness. We shall recharacterize respondent's filing as a motion for summary judgment and grant it as such.

Background

JaNean Del'Andrae served as the secretary and treasurer of petitioner, Del-Co Western (Del-Co or petitioner), and is married to Del-Co's principal shareholder. On February 16, 2011, she was indicted in the U.S. District Court for the District of Utah (District Court) on three counts of tax evasion. See sec. 7201. The first two counts involved evasion of Del-Co's corporate income tax liabilities for 2004 and 2005; the third count involved evasion of tax required to be shown on the Form 1040, U.S. Individual Income Tax Return, that Del'Andrae filed jointly with her husband for 2005. On April 18, 2012, Del'Andrae pleaded guilty to count one, involving evasion of Del-Co's corporate income tax liability for 2004.

In connection with her plea, Del'Andrae agreed to pay restitution of $88,152.50 to the Internal Revenue Service (IRS) on account of Del-Co's 2004 and 2005 tax liabilities. Of this sum she agreed that $49,845.37 was payable on account of Del-Co's 2004 tax liability and that $38,307.13 was payable on account

[*3] of Del-Co's 2005 tax liability. She also agreed to pay additional restitution, to be determined at sentencing, on account of her 2005 joint income tax liability.

On July 11, 2012, the District Court entered judgment against Del'Andrae, ordering her to pay total restitution of $136,509.50. This amount comprised $88,152.50 on account of Del-Co's 2004 and 2005 tax liabilities, as set forth above, plus $48,357 of restitution for evasion of her 2005 joint income tax liability. Del'Andrae wrote a check for $136,509.50, dated July 10, 2012, and drawn on Del-Co's bank account, in payment of the restitution ordered by the District Court.

On March 25, 2011, the IRS issued Del-Co a notice of deficiency for 2004, and Del-Co timely petitioned this Court. On February 14, 2013, the Court entered a stipulated decision determining against Del-Co for 2004 a deficiency of $70,021 and penalties of $44,145, for a total liability of $114,166. Del-Co W. v. Commissioner, T.C. Dkt. No. 13417-11 (Feb. 14, 2013). When Del-Co failed to pay this liability after notice and demand, the IRS sent Del-Co a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Del-Co timely requested a CDP hearing, stating the following reason as the basis for its hearing request:

> The taxpayer paid $136,509.50 on 7/10/12 to the * * * [District Court] to settle a matter with IRS CID. * * * This payment needs to be applied and for some reason has not been. Many attempts have been made to find the payment in the IRS system. We do know that the check has been cashed. The documentation on the check is

[*4] attached.  So no lien, levy or collection effort should continue against the taxpayer.

A CDP hearing was held, but petitioner was unable to satisfy the settlement officer (SO) that any portion of its $114,166 tax liability for 2004 had been paid. Petitioner raised no other issues.  On February 7, 2014, the IRS issued Del-Co a notice of determination sustaining the levy.  Del-Co timely petitioned this Court.

After this CDP case was docketed, respondent credited $49,845.37 to petitioner's 2004 account.  This was the full amount of the credit available from the restitution payment that Del'Andrae had made on behalf of Del-Co for 2004. Respondent contends that petitioner has now received the full relief it requested for 2004, the sole tax year at issue in this case, and hence that there is no remaining controversy to sustain the Court's jurisdiction.

Petitioner opposes the motion to dismiss, contending that the $38,307.13 restitution payment that Del'Andrae made on behalf of Del-Co for 2005 should also be applied toward Del-Co's liability for 2004.  Petitioner bases this contention on the assertion that the section 6501(a) period of limitations on assessment against it for 2005 has expired, with the supposed result that the restitution payment Del'Andrae made toward Del-Co's 2005 tax liability has given rise to an overpayment or credit in the amount of $38,307.13.  Petitioner recognizes that, in

[*5] case of fraud, section 6501(c) allows the IRS to assess the tax "at any time." But petitioner asserts that the conceded fraud of Del'Andrae, its secretary and treasurer, should not be imputed to it for this purpose.

## Discussion

Respondent agrees that the SO erred in neglecting to credit petitioner's 2004 account with the $49,845.37 restitution payment that Del'Andrae made on its behalf for 2004. Respondent has now rectified this error by crediting Del-Co's 2004 account with the full amount of that restitution payment. Not satisfied with this relief, petitioner contends that the IRS should also credit its 2004 account with the $38,307.13 restitution payment that Del'Andrae made on its behalf for 2005. Because there is a genuine controversy between the parties on this latter issue, this case is not moot.

The gravamen of respondent's motion is that this Court lacks jurisdiction to consider the issue that petitioner wants us to decide, namely, its asserted entitlement to a credit from 2005 against its 2004 tax liability. We will accordingly recharacterize respondent's motion to dismiss as a Rule 121 motion for summary judgment on this jurisdictional question. Doing so will not prejudice petitioner, since all relevant facts are agreed and the dispositive question is a legal issue that petitioner fully addressed in responding to the motion. We conclude

**[\*6]** that there are no disputed issues of material fact concerning this question and that a decision may appropriately be rendered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

Where (as here) there is no dispute as to the taxpayer's underlying tax liabilities, we review the IRS determination in a CDP case for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). In effect, petitioner contends that the SO abused her discretion in declining to credit its 2004 account with the $38,301.13 restitution payment that Del'Andrae made toward its 2005 tax liability.[2]

In appropriate circumstances, we may determine in a CDP case whether a credit available from another tax year should be applied to the taxpayer's liability for the year before the Court (here, 2004). But we can do this only when a credit from another tax year indisputably exists; we do not have jurisdiction under sec-

---

[2]Because the restitution credit was the only issue petitioner raised at the CDP hearing, we deem all other issues to have been conceded. See Rule 331(b)(4); Giamelli v. Commissioner, 129 T.C. 107, 114 (2007); Dinino v. Commissioner, T.C. Memo. 2009-284, 98 T.C.M. (CCH) 559, 564.

**[*7]** tion 6330 to "determine an overpayment of an unrelated liability." Weber v.

Commissioner, 138 T.C. 348, 366 (2012). As we explained in Weber, 138 T.C. at

371-372:

> An overpayment of a * * * [tax liability] that has been determined by the IRS or a court but has not been either refunded or applied to another liability may be an "available credit" that * * * could be taken into account in a CDP hearing to determine whether the tax at issue remains "unpaid" and whether the IRS can proceed with collection. But a mere claim of an overpayment is not an "available credit" but is instead a claim for a credit; and such a claim need not be resolved before the IRS can proceed with collection of the liability at issue. * * *

Neither the IRS nor any court has determined that Del-Co overpaid its tax

for 2005. Indeed, the propositions upon which petitioner relies for its contention

that the statute of limitations bars assessment of additional tax against it for 2005

seem highly debatable.[3] In any event, Del-Co does not now have an "available

credit" for 2005 that can be taken into account in determining the extent to which

its tax liability for 2004 remains unpaid. At most, Del'Andrae's restitution pay-

ment of $38,307.13 toward Del-Co's 2005 tax liability has given Del-Co a "claim

for a credit" for 2005. Weber, 138 T.C. at 372. Such a claim "need not be re-

---

[3]Under normal deficiency procedures, it appears that the IRS could assess additional tax against Del-Co for 2005 "at any time" because Del-Co's customer receipts were fraudulently diverted to Del'Andrae's personal accounts. See sec. 6501(c)(1). But we express no opinion on this point because we lack jurisdiction in the instant CDP case to redetermine Del-Co's tax liability for 2005.

**[\*8]** solved before the IRS can proceed with collection" of Del-Co's tax liability for 2004. See ibid.

Petitioner received all of the relief to which it was entitled for 2004 when respondent credited its 2004 account with the $49,845.37 of restitution that Del'Andrae paid on account of its 2004 tax liability.[4] This leaves Del-Co with an unpaid liability in excess of $64,320 for 2004 that respondent may properly seek to collect by means of levy. The only issue remaining in the case is petitioner's claim of an overpayment credit from 2005. But because Del-Co does not have an "available credit" from 2005 that could be applied to its 2004 tax liability, we lack jurisdiction to consider its overpayment claim. See Burt v. Commissioner, T.C. Memo. 2013-140; Precision Prosthetic v. Commissioner, T.C. Memo. 2013-110. We will accordingly grant summary judgment in respondent's favor on this question.[5]

---

[4]Petitioner contends that the IRS has not yet addressed a separate claim for interest abatement that it filed. Because petitioner's interest abatement claim was not presented to or considered by the SO in this CDP case, we lack jurisdiction to consider this claim. See Day v. Commissioner, T.C. Memo. 2014-215, at \*11; see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; cf. sec. 6404(e), (h); Rules 280-284.

[5]Although the SO erred in neglecting to credit petitioner's 2004 account with the $49,845.37 restitution payment that Del'Andrae made on its behalf for 2004, the IRS has now fully rectified that error. A remand of this case to the IRS

(continued...)

**[*9]**   To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.

---

[5](...continued)
Appeals Office would therefore be neither "necessary" nor "productive."  <u>See</u>
<u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001); <u>Duarte v. Commissioner</u>,
T.C. Memo. 2014-176.