T.C. Memo. 2015-79

UNITED STATES TAX COURT

WALTER D. LIGMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12735-13L.                    Filed April 27, 2015.

Jeffrey D. Moffatt, for petitioner.

Suzanne M. Warren, for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge: The petition in this case was filed in response to a

Notice of Determination Concerning Collection Action(s) under Section 6320

and/or 6330 of the Internal Revenue Code dated May 2, 2013, upholding a

proposed levy collection action for tax year 2008. We must consider whether

[*2] respondent's determination to proceed with the collection action regarding petitioner's unpaid income tax liabilities for tax year 2008 was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

This case was fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in California when he filed the petition.

On April 22, 2012, petitioner filed late his 2008 income tax return but failed to pay the amount of tax due for that year. Respondent assessed petitioner's self-reported tax, penalties, and interest. On October 15, 2012, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for tax year 2008.

On November 7, 2012, respondent received timely from petitioner a Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to the proposed levy collection action for tax year 2008. Petitioner indicated on this form that he was interested in both an installment agreement and an offer-in-compromise as collection alternatives. On the form petitioner gave various

[*3] reasons as to why he disagreed with the proposed levy. He stated that he was disabled, financially distressed, and receiving Railroad Retirement Board benefits (Railroad benefits) and that some of these benefits were exempt from levy. He did not dispute the underlying tax liability.

On January 22, 2013, the settlement officer sent petitioner a letter scheduling a telephone hearing for February 26, 2013, and explaining what information was needed before petitioner could be considered for a collection alternative. The settlement officer requested a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and three months of bank and pay statements along with supporting documents to substantiate expenses. The settlement officer asked that the documents be submitted by February 8, 2013.

On January 29, 2013, petitioner's representative, Jeffrey Moffatt, called the settlement officer and stated that he felt the 2008 return was prepared incorrectly. Mr. Moffatt also mentioned that petitioner could not pay the liability because he is retired on account of a work injury and his only source of income was the Railroad benefits. The settlement officer explained that petitioner could submit an amended return. On January 31, 2013, the settlement officer and Mr. Moffatt agreed to reschedule the telephone hearing for March 4, 2013.

**[*4]** On March 4, 2013, the telephone hearing was held. Mr. Moffatt requested a partial payment installment agreement with a payment of $25 per month. After the hearing, Mr. Moffatt faxed the settlement officer petitioner's Form 433-A as well as copies of petitioner's medical records from two recent surgeries, rental receipts, cellular phone bills, and receipts from various other expenses. On March 12, 2013, the settlement officer sent petitioner and Mr. Moffatt a letter explaining that she needed more information to consider the $25-per-month partial payment installment agreement proposal and requesting additional documentation of petitioner's income and expenses. On March 20, 2013, Mr. Moffatt mailed the requested documentation. At the time, petitioner's only source of income was his Railroad benefits.

The settlement officer determined that petitioner had monthly disposable income of $946 and calculated an installment agreement with a payment of $765 per month. She included petitioner's income from his Railroad benefits when calculating his monthly income. On April 1, 2013, the settlement officer prepared the installment agreement form and sent it to petitioner and Mr. Moffatt.

On April 17, 2013, Mr. Moffatt's assistant called the settlement officer and indicated that Mr. Moffatt would be scheduling a time to discuss the proposed

[*5] installment agreement.  Mr. Moffatt did not contact the settlement office regarding a payment proposal.

On May 2, 2013, respondent sent petitioner the notice of determination.  On June 6, 2013, petitioner timely filed a petition with this Court.

Discussion

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before an impartial officer or employee of the Internal Revenue Service Appeals Office (Appeals) before making a levy on the person's property.  At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives.  Sec. 6330(c)(2).  The person may challenge the existence or the amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing the Appeals officer must determine whether proceeding with the proposed levy action is appropriate.  In making that determination, the Appeals officer is required to take into consideration:  (1) whether the requirements of any applicable law or administrative procedure have been met;

**[\*6]** (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the settlement officer properly based the determination on the required factors.

I.    Standard of Review

Once Appeals issues a notice of determination, the person may seek review in this Court. Sec. 6330(d)(1). Where the validity of the underlying tax liability is properly at issue, we review that matter de novo. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). A taxpayer may challenge the underlying tax liability during a CDP hearing if he or she did not receive a statutory notice of deficiency for the liability or did not otherwise have the opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004). The Court considers an underlying tax liability on review only if the taxpayer properly raised the issue during the CDP hearing. Secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). A taxpayer did not properly raise an underlying tax liability if the taxpayer failed to

**[\*7]** present the settlement officer with any evidence regarding the liability after being given a reasonable time. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

If a taxpayer does not challenge the underlying liability, our review is for abuse of discretion. Sego v. Commissioner, 144 T.C. at 610. An abuse of discretion occurs if Appeals exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the settlement officer. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). If the settlement officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities. Link v. Commissioner, T.C. Memo. 2013-53, at \*12.

On January 29, 2013, Mr. Moffatt expressed his belief that petitioner's 2008 return was incorrect. The settlement officer explained that petitioner could submit an amended return. Petitioner's case was open for over three months. Neither petitioner nor Mr. Moffatt ever submitted an amended return, nor did either provide any other evidence regarding the liability. Petitioner has not properly challenged his underlying tax liability, and our review is for abuse of discretion.

**[*8]** II.    <u>Abuse of Discretion</u>

Petitioner contends that it was an abuse of discretion to consider his Railroad benefits when determining his income and ability to pay because these benefits are partially levy proof.  Therefore, he contends that the settlement officer's rejection of his $25-per-month partial payment installment agreement proposal was also an abuse of discretion because it was based on consideration of his Railroad benefits.  Respondent contends that while petitioner's Railroad benefits are indeed partially levy proof under sections 6334(a)(6) and 6331(h), these benefits can still be considered when making a determination of a taxpayer's income and ability to pay for purposes of determining availability of a collection alternative.  Section 6334(a)(6) generally exempts Railroad Retirement Act annuities or pension payments from IRS levy.  Section 6331(h) allows the IRS to levy up to 15% of these benefits.

Section 6159 authorizes the Commissioner to enter into installment agreements with taxpayers to satisfy their liabilities if the Commissioner determines that such agreements will facilitate the collection of the liabilities.  The Internal Revenue Manual (IRM) and sections 301.6159-1, 301.6320-1, and 301.6330-1, Proced. & Admin. Regs., establish the IRS procedures for

[*9] determining whether an installment agreement will facilitate the collection of a liability. See Etkin v. Commissioner, T.C. Memo. 2005-245.

According to the IRM a taxpayer's ability to pay is determined by comparing monthly income to allowable expenses. A settlement officer may accept, at a minimum, a monthly payment equal to the excess of a taxpayer's monthly income over the taxpayer's allowable expenses. See Lites v. Commissioner, T.C. Memo. 2005-206; see also IRM pt. 5.14.1.4 (June 1, 2010) (discussing other installment agreement acceptance factors considered).

On March 4, 2013, when petitioner and Mr. Moffatt proposed the partial payment installment agreement of $25 per month, petitioner's only source of income was his Railroad benefits. When considering this offer, the settlement officer determined petitioner's monthly income by including these benefits.

IRM pt. 5.15.1 (Oct. 2, 2012) instructs IRS collection personnel on how to analyze a taxpayer's financial condition. It states that "[g]enerally all household income will be used to determine the taxpayer's ability to pay." Id. pt. 5.15.1.11. The IRM does not carve out any exceptions for levy-proof benefits. For example, it instructs that income consists of pensions, including Social Security benefits. Id. pt. 5.15.1.11(2)(e). Certain Social Security payments, like Railroad benefits,

**[*10]** are subject to a maximum 15% levy under the Federal Payment Levy Program.  See sec. 6331(h)(2)(B); see also IRM pt. 5.11.7.2.1.1(2)(e), (j) (Aug. 28, 2012).

Although the IRM does not specifically state that Railroad benefits are included in income, it does not specifically exempt them.  The IRM specifically includes other analogous partial or fully levy-proof benefits in the income calculation, such as Social Security benefits.  We find that the settlement officer did not act arbitrarily, capriciously, or without sound basis in fact or law by including petitioner's Railroad benefits to analyze petitioner's financial condition and calculate his monthly disposable income.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered for respondent.