T.C. Memo. 2019-112

UNITED STATES TAX COURT

DERRICK BARRON TARTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4973-18L.                          Filed September 3, 2019.

Derrick Barron Tartt, pro se.

<u>Mayer Y. Silber</u> and <u>Kerrington A. Hall</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c)[1] and 6330(d) of the determination by the

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*2] Internal Revenue Service (IRS or respondent) to uphold the filing of a notice of Federal tax lien (NFTL). The IRS initiated the collection action with respect to petitioner's Federal income tax liabilities for 2013-2015. He contends that he is not obligated to pay the tax liabilities he reported on those returns because of claims he has advanced against the U.S. Government in unrelated litigation. Finding petitioner's arguments frivolous, we will grant respondent's motion for summary judgment and sustain the collection action.

## Background

The following facts are derived from the parties' motion papers, including the declaration and exhibits accompanying respondent's motion. See Rule 121(b). Petitioner resided in Florida when he filed his petition.

A.    Petitioner's Unrelated Litigation

In December 2000 petitioner filed substantially identical complaints against a hospital and a medical practice, alleging employment discrimination. The U.S. District Court for the Northern District of Illinois dismissed the first case for failure to state a claim and failure to prosecute, and it dismissed the second on res judicata grounds. The U.S. Court of Appeals for the Seventh Circuit affirmed both judgments. See Tartt v. Nw. Cmty. Hosp., 453 F.3d 817 (7th Cir. 2006).

[*3]   Petitioner then filed a complaint alleging that the participants in the preceding lawsuits--including the defendants, their attorneys, the presiding judges, and the U.S. Government--had joined in a conspiracy to deprive him of employment benefits.  The Court of Appeals summarily affirmed the dismissal of that action and imposed sanctions on petitioner for frivolous filings.  See Tartt v. Magna Health Sys., No. 17-1023, 2017 WL 4772538 (7th Cir. Feb. 14, 2017).

B.     Proceedings in This Case

For 2013, 2014, and 2015 petitioner filed Federal income tax returns reporting taxable income of $159,712, $171,307, and $292,524, respectively.  He calculated the tax due on these amounts but did not pay any portion of the balance due.  For each year the IRS assessed the tax shown as due, additions to tax under sections 6651 and 6654, and interest.  As of May 2017 petitioner's aggregate unpaid tax liabilities for 2013-2015 exceeded $217,000.

In an effort to collect these unpaid liabilities the IRS filed an NFTL and, on May 2, 2017, issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing.  He timely requested a CDP hearing, stating that he could not pay the balance and that he had "a Federal lawsuit in which the Government has denied due process of law that has resulted in loss of millions."  He made no reference to his 2013-2015 tax liabilities (or anything else relevant to the NFTL filing) but as-

[*4] serted that he would seek certiorari from the Court of Appeals' judgment affirming the dismissal of his conspiracy claims.

His case was assigned to a settlement officer (SO) from the IRS Appeals Office. The SO verified that the assessments had been properly made, that the IRS had timely sent notice and demand for payment to petitioner's last known address, that there remained a balance due, and that the NFTL filing otherwise complied with applicable law and administrative procedure. The SO acknowledged receipt of petitioner's hearing request and scheduled a telephone conference for August 30, 2017. The SO advised him that she could not consider a collection alternative unless he submitted a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information.

Petitioner did not respond to these communications. Nor did he call the SO at the time of the hearing (or at any other time). The SO then sent him a "last chance" letter, offering him an additional 14 days to submit the requested information and anything else he wished her to consider. Fifteen days later, the SO received a letter from petitioner in which he stated: "It's my position that the United States owes more than owed, therefore, [I] will not pay any debt to the United States until the debt owed is settle[d] through the courts or settlement." He did not

[*5] otherwise address his tax liabilities for 2013-2015 and supplied no information bearing on his entitlement to a collection alternative.

Having received no relevant information from petitioner, the SO began to close the case on the basis of information in the administrative file. While doing so she noted that petitioner lived in a federally declared disaster area. She called petitioner and left a voice message asking that he contact her if he wished to schedule additional CDP proceedings. He never responded. On February 5, 2018, after the disaster area designation was lifted, the SO closed the case.

On February 15, 2018, the IRS issued petitioner a notice of determination sustaining the NFTL filing, and he timely petitioned this Court for review. As the basis for his position he stated: "I dispute the IRS determination letter due to con-spiracy of the Northern District of Illinois * * * and 7th Circuit Court of Appeals, State of Illinois, several Federal agencies including the Departments of Treasury, Defense, Justice, Labor and Commerce, and several corporations * * * to deny rights and benefits of military and civilian employment that far exceeds any debt ow[ed] any federal agency." On April 18, 2019, respondent filed a motion for summary judgment, to which petitioner responded on June 7, 2019. His response reiterates his conspiracy claims without addressing the facts or law relevant to disposition of respondent's motion.

**[*6]**                                Discussion

A.    Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.    Standard of Review

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the taxpayer's underlying

[*7] tax liability is properly before us, we review the SO's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). In all other respects we review the IRS' decision for abuse of discretion only. Id. at 182. Abuse of discretion exists when a determination is "arbitrary, capricious, or without sound basis in fact or law." Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Holloway v. Commissioner, T.C. Memo. 2007-175, 94 T.C.M. (CCH) 25, 28, aff'd, 322 F. App'x 421 (6th Cir. 2008).

C.     Underlying Tax Liability

A taxpayer may dispute the existence or amount of his underlying liability in a CDP case if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute * * * [it]." Sec. 6330(c)(2)(B). Having self-reported his tax liabilities for 2013-2015, petitioner was entitled to challenge them before the SO. But to mount a proper challenge he was required to present the SO with evidence that his correct tax liabilities for 2013-2015 were different from the amounts that he reported. See Moriarty v. Commissioner, T.C. Memo. 2017-204, 114 T.C.M. (CCH) 441, 443 ("'An issue is not properly raised if the taxpayer fails * * * to present to Appeals any evidence * * * after being given a reasonable opportunity' to do so." (quoting section 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.)), aff'd per order, 2018 WL

**[*8]** 4924349 (6th Cir. Sept. 19, 2018); <u>Ligman v. Commissioner</u>, T.C. Memo. 2015-79, 109 T.C.M. (CCH) 1405, 1406 (holding that taxpayer did not properly challenge his self-reported liability when he presented the SO with no evidence regarding it).

In some circumstances a taxpayer may properly challenge his underlying tax liability by showing that it should be reduced by application of an overpayment tax credit existing in his account for another year. E.g., <u>Weber v. Commissioner</u>, 138 T.C. 348, 360 (2012); <u>Landry v. Commissioner</u>, 116 T.C. 60, 62 (2001); see <u>Dixon v. Commissioner</u>, 141 T.C. 173, 184 (2013) (discussing applicable standard of review). But a taxpayer may do this only where "a credit from another tax year indisputably exists." <u>Del-Co W. v. Commissioner</u>, T.C. Memo. 2015-142, 110 T.C.M. (CCH) 119, 120. "[W]e do not have jurisdiction under section 6330 to 'determine an overpayment of an unrelated liability.'" Id. (quoting <u>Weber</u>, 138 T.C. at 366).

At the CDP hearing petitioner did not contend (or supply evidence) that his reported 2013-2015 tax liabilities were incorrect. Nor did he allege that he has an "available credit" from another year that could be applied to reduce those liabilities. See <u>Weber</u>, 138 T.C. at 372. Rather, he wishes to offset against those lia-

**[*9]** bilities a monetary judgment that he seeks in litigation deemed frivolous by every court to consider the question.

We lack jurisdiction to consider petitioner's collateral attack on his 2013-2015 tax liabilities. Neither the SO nor we have authority to second-guess the decisions of the courts that have ruled against him. Even if we had such jurisdiction, no legal authority exists for offsetting, against an assessed Federal tax liability, a claim against the Government in a totally unrelated matter. Because petitioner has not raised a proper challenge to his underlying tax liabilities, we review the SO's determination for abuse of discretion only.

D.    Abuse of Discretion

In determining whether the SO abused her discretion we consider whether she:  (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) determined whether the "collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record establishes that the SO clearly satisfied all three requirements.

[*10] The SO did not abuse her discretion by declining to consider a collection alternative and closing this case. Petitioner initially indicated interest in a collection alternative, but he did not offer one; nor did he supply any of the financial information necessary to enable the SO to consider one. We have consistently held that it is not an abuse of discretion for an Appeals officer to reject collection alternatives and sustain collection action where (as here) the taxpayer has repeatedly failed, after being given sufficient opportunities, to make an offer or supply the necessary forms and information. See, e.g., Solny v. Commissioner, T.C. Memo. 2018-71, at *10; Gentile v Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77, aff'd, 592 F. App'x 824 (11th Cir. 2014).

E.    Frivolous Position Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of $25,000 "[w]henever it appears to the Tax Court" that a taxpayer has instituted or maintained a proceeding "primarily for delay" or has taken a position that is "frivolous or groundless." The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Bruhwiler v. Commissioner, T.C. Memo. 2016-18, 111 T.C.M. (CCH) 1071, 1074.

**[\*11]** Petitioner's arguments are frivolous, and he has wasted considerable re-
sources of respondent and this Court. His conduct is thus deserving of a penalty.
But this appears to be his first appearance in the Tax Court, and we have not yet
had the occasion to advise him of the risk he faced. While we will refrain from
imposing sanctions now, we warn him that we will be less generous in the future.

To reflect the foregoing,

Decision will be entered for

respondent.